IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alan Dale Chronister, #287815, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 2:04-22848-HMH-RSC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| James R. Metts, Sheriff; ) | |
| and Prison Health Services, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Alan Dale Chronister ("Chronister"), proceeding pro se, filed an action under 42 U.S.C. § 1983 for alleging violations of his constitutional rights while incarcerated as a pretrial detainee at the Lexington County Detention Center ("LCDC"). The Magistrate Judge concluded that Chronister failed to exhaust his administrative remedies before bringing this suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (West 2003), and recommends that the court grant the Defendants' motion for summary judgment due to Chronister's failure to comply with the threshold exhaustion requirement on any of his claims and find the remaining motions moot. Chronister filed objections.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. FACTUAL HISTORY

Chronister filed his complaint on November 12, 2004, bringing suit against Prison Health Services ("PHS") and James R. Metts ("Metts"), the sheriff of Lexington County, South Carolina (collectively "Defendants"). Chronister amended his complaint on April 5, 2005.

Chronister alleges that his rights under Eighth and Fourteenth Amendment to the United States Constitution were violated during his 18-month stay at the LCDC. First, he asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment due to inadequate medical treatment he received concerning a lump growing under his right arm, which ultimately was diagnosed as a tumor, and his other medical conditions such as high blood pressure. Second, he claims that he was exposed to inmates with AIDS, hepatitis, and active tuberculosis, resulting in him allegedly contracting tuberculosis. Third, he argues that he was subjected to excessive force by a correctional officer when he was removed from the scene of a fight.[2] Finally, in his objections to the Magistrate Judge's Report and Recommendation, Chronister argues that his Fourteenth

---

[2] Although Chronister filed objections to the Magistrate Judge's conclusion that he had failed to meet the exhaustion requirement under the PLRA, he did not object to the Magistrate Judge's portrayal of the factual history or of his claims. By failing to object, Chronister waived any objection he may have had regarding a new claim (for excessive force concerning being placed in four-point restraints) that he raised in his response to Metts' motion for summary judgment but failed to raise in either his complaint or his amended complaint. United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); (Pl.'s Resp. Opp'n Metts Mot. 6, 8-9.) Even if he had not waived that claim by failing to object to the Report and Recommendation, the Defendants are entitled to summary judgment on the claim because, as the Magistrate Judge concluded and as discussed further below, Chronister failed to exhaust his available administrative remedies before bringing any of his claims.

Amendment rights were violated because LCDC either did not have grievance procedures or "hid [the right to file a grievance] from detainees thus erecting a 'roadblock or hurdle' to keep detainees from seeking the proper relief." (Objections 3, 6.)

On September 20, 2005, PHS moved for summary judgment ("PHS Motion") on the grounds that (1) Chronister failed to establish a cause of action for medical malpractice; (2) Chronister failed to state a cause of action under 42 U.S.C. § 1983; (3) Chronister failed to establish that PHS was deliberately indifferent to a serious medical need; and (4) Chronister's claims concerning housing and communicable disease are barred by the statute of limitations. Metts moved for summary judgment on September 28, 2005 ("Metts Motion"), arguing that (1) Metts is not amenable to suit under § 1983 due to immunity provided by the Eleventh Amendment to the United States Constitution; (2) Chronister has failed to state a claim pursuant to the Eighth and Fourteenth Amendments for deliberate indifference to a serious medical need; (3) Chronister has failed to state a claim for excessive force under the Eighth Amendment; (4) Metts is entitled to qualified immunity for any alleged constitutional violations; (5) Chronister's claims are barred due to his failure to exhaust administrative remedies before bringing suit; and (6) Metts cannot be liable under a respondeat superior theory of liability under § 1983.

Chronister responded to the PHS Motion on October 31, 2005, and to the Metts Motion on November 17, 2005. Neither PHS nor Metts filed a reply. On January 9, 2006, Magistrate Judge Carr entered a Report and Recommendation in which he found that Chronister had failed to exhaust the administrative remedies available to him before bringing his action. Therefore, Magistrate Judge Carr recommended that the court grant summary

3

judgment to the Defendants on that basis, and he did not consider the other grounds for summary judgment raised in either the PHS Motion or the Metts Motion.

## II. DISCUSSION

### 1. Objections to the Report and Recommendation

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Chronister filed objections on February 16, 2005.[3] In his objections, Chronister raised the same arguments he had raised in opposition to the Metts Motion concerning his alleged failure to exhaust administrative remedies. Chronister claims that he "was never advised of this grievance procedure and his complaints to staff officers or medical personnel went unanswered or ignored, and at 'no time' was the plaintiff ever advised or told to file a grievance by anyone at the Lexington County Detention Center." (Id. 2.) Chronister asserts that pretrial detainees at LCDC "were told to 'air' their complaints or grievances to the officer on duty in their pod or wing for resolution." (Objections 2.)

---

[3] See Houston v. Lack, 487 U.S. 266 (1988).

4

Chronister alleges that one of the Defendants "admitted in admissions (court files) that there was not an administrator or staff personnel assigned or appointed to 'hear or arbitrate' grievance proceedings nor were any grievance hearings held at the detention center." (Id. 3.) He asserts that "[e]ven if he had filed a grievance according to the written policy, it would not have provided for the relief the plaintiff was asking for or possibly entitled to." (Id.) Finally, he claims that because the Defendants did not provide the policy to Chronister or advise him of the grievance policy, "the defendant and the detention center 'hid' these rights from detainees thus erecting a 'roadblock or hurdle' to keep detainees from seeking the proper relief." (Id.)

In Porter v. Nussle, the United States Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). However, the exhaustion requirement is an affirmative defense which the defendants have the burden to plead and prove. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Chronister's contention that the administrative remedies were unavailable to him requires the Defendants to prove that the administrative remedies were, in fact, available.

Nonetheless, Chronister's allegation that the grievance system in place at LCDC was "impractical and ineffective" for his claims and that the grievance system "could not have provided for money damages" does not render the administrative grievance process unavailable and not required for exhaustion. (Objections 5); see Porter, 534 U.S. at 524 ("All available remedies must now be exhausted; those remedies need not meet federal standards,

5

nor must they be plain, speedy, and effective.  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." (Internal citations and quotation marks omitted)).  Of course, Chronister cannot know what relief he would have received had he filed formal grievances on his claims because he admittedly did not file such grievances on these claims.  (Compl. 2.)

Chronister's argument that he was not notified of the grievance procedure at LCDC and therefore could not have filed a grievance is possibly a justifiable explanation for Chronister's failure to exhaust administrative remedies – if it were true.  See, e.g., Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) ("Defendants may also be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures.  Additionally, exhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies." (Internal citation omitted)).

Metts' own admission cripples his argument, however.  In support of the Metts Motion, Metts attached the affidavit of Robert Garrison ("Garrison"), which had a statement attached written by Chronister concerning a fight which occurred on May 22, 2001, on which Chronister bases his excessive force claim.  In that statement, Chronister asserts that the fight resulted from his filing of "a grievance form against [his] cellmate for not taking showers and smelling bad.  'Officer Felliciano' had told him about this grievance report.  (I had thought these reports were confidential)."  (Metts' Mem. Supp. Summ. J. Ex. 3 (Garrison Aff. Ex. A (Statement at 1)).)  At the close of the statement, Chronister requested "a reprimand or letter be placed in 'Officer Felliciano's' record for releasing private and confidential information off

6

a grievance form which started all of this." (Id. Ex. 3 (Garrison Aff. Ex. A (Statement 1)).) In neither his response to the Metts Motion nor his objections to the Report and Recommendation does Chronister rebut or explain his written admission in 2001 that he filed a formal grievance, which was reviewed by an officer. Therefore, Chronister's allegation that there was no grievance procedure or that he was not aware of it is undermined by his own words, and the Defendants are entitled to summary judgment on the grounds that Chronister failed to exhaust his available administrative remedies before bringing suit.

### 2. Additional Basis for Summary Judgment

Even if the court considered that Chronister had exhausted his remedies, the Defendants are nonetheless entitled to summary judgment on Chronister's claims. Chronister alleges that the Defendants were deliberately indifferent to his serious medical needs. Because Chronister was a pretrial detainee at the time of the alleged deliberate indifference, he may not assert a deliberate indifference claim under the Eighth Amendment, but may under the Fourteenth Amendment instead. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). "A pretrial detainee makes out a due process violation if he shows deliberate indifference to serious medical needs within the meaning of Estelle v. Gamble, 429 U.S. 97, 104-06 [](1976)." Id. at 871.

In Whitley v. Albers, 475 U.S. 312, 319 (1986), the United States Supreme Court explained its holding in Estelle to mean that "negligen[ce] in diagnosing or treating a medical condition did not suffice to make out a claim of cruel and unusual punishment." Rather, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments clause, whether that conduct occurs

7

in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cell block." Id. After a careful review of the record, the court finds that Chronister has failed to provide sufficient evidence to establish a genuine issue of material fact on his claims that the Defendants acted with a sufficiently culpable state of mind in treating him for either his tumor or his high blood pressure and other medical conditions. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1991) ("To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.")

Chronister also alleges that the Defendants violated his constitutional rights by exposing him to prisoners with AIDS, active tuberculosis, and hepatitis. PHS argues that this claim are barred by the statute of limitations, and that Chronister has not justified his failure to bring the claim before the statute of limitations expired. For these reasons, the Defendants are entitled to summary judgment on this claim.

Additionally, Metts argues that even if Chronister was exposed to a prisoner with AIDS, that is not a violation of Chronister's constitutional rights. (Metts' Mem. Supp. Summ. J. 11 (citing Zaczek v. Murray, No. 91-6098, 1992 WL 387565 (4th Cir. Dec. 31, 1992) (unpublished).) Chronister has failed to rebut Metts' argument that, in the Fourth Circuit, a prisoner's exposure to a prisoner with AIDS does not violate the prisoner's constitutional rights.

Finally, the Defendants are entitled to summary judgment on Chronister's argument that he was impermissibly exposed to inmates with active tuberculosis and hepatitis, because

8

Chronister has no injury. Chronister does not claim that he contracted hepatitis, and the evidence is conclusive that he has not contracted tuberculosis. Although Chronister once tested positive for the disease after a skin test, LCDC conducted multiple follow-up tests to confirm that the positive skin test was a false-positive. Due to the frequency of false-positives from skin tests, Chonister's chest was X-rayed twice in 2001 and he was given a second skin test in 2002, all of which resulted in a negative diagnosis for tuberculosis and demonstrate that the first skin test result was a false-positive. (Id. at 12 & Ex. 1 (Henriette Hall Aff. ¶¶ 7-8.) For all these reasons, Chronister's claim that he was exposed to infectious diseases fail, and the Defendants are entitled to summary judgment on this claim.

The Defendants are also entitled to summary judgment on the merits of Chronister's excessive force claim. Chronister has failed to show that the guards acted in any other way than "in a good faith effort to maintain or restore discipline." Whitley, 475 U.S. at 320 (internal quotation marks omitted). In fact, in the same document in which Chronister admitted that he had used the grievance procedures at LCDC, Chonister admitted the following concerning the incident: "I do not feel that SGT Reese intended any bodily harm, as he was just doing his job and the floor was wet and slippery, still I did occur injury due to his actions." (Metts' Mem. Supp. Summ. J. Ex. 3 (Garrison Aff. Ex. A (Statement at 2)).) Therefore, the Defendants are entitled to summary judgment on the excessive force claim.

Finally, Chronister claims that his due process rights were violated because the LCDC did not have a grievance system or the system was hidden from him. However, as discussed above, LCDC had a grievance system and Chronister utilized it, though he elected not to use it to exhaust the remedies available to him on the claims he now asserts. In any event,

9

Chronister's claim is without merit and the Defendants are entitled to summary judgment on that claim.

For the reasons provided above, the Defendants are entitled to summary judgment. Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation in part. The court declines to adopt the Magistrate Judge's recommendation that the action be dismissed without prejudice. Because the court has considered the merits of the action, the dismissal of the action is with prejudice.

Therefore, it is

**ORDERED** that the Defendants' motions for summary judgment, documents numbered 52 and 58, are granted, and the action is dismissed with prejudice. It is also

**ORDERED** that the remaining motions are dismissed as moot.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 2, 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.